**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIGUEL SANCHEZ-HERNANDEZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  26-4193** |
| | : | |
| **J.L. JAMISON, JOHN E. RIFE,** | : | |
| **MARKWAYNE MULLIN, TODD** | : | |
| **BLANCHE, U.S. DEPARTMENT OF** | : | |
| **HOMELAND SECURITY,** | : | |
| **EXECUTIVE OFFICE OF** | : | |
| **IMMIGRATION REVIEW** | : | |

## ORDER

**AND NOW**, this 23rd day of June 2026, upon consideration of Miguel Sanchez-Hernandez's petition for writ of *habeas corpus* under 28 U.S.C. § 2241 (**DI 1**) and the government's response (**DI 4**), it is **ORDERED** that Mr. Sanchez-Hernandez's petition (**DI 1**) is **GRANTED** for the reasons that follow:

1.      Mr. Sanchez-Hernandez's is a native of the Dominican Republic, who entered the United States without inspection in April 2023.  DI 1 at ¶ 1.[1]  When immigration authorities encountered Mr. Sanchez-Hernandez near the Mexican United States border, they detained and processed him, initiated removal proceedings, and released him to live in Philadelphia with his family.  *Id.* at ¶ 18; DI 4-1 at 2-3.  Mr. Sanchez-Hernandez submitted an asylum application, and his next scheduled immigration hearing is for October 29, 2027, in the Philadelphia Immigration Court.  DI 1 at ¶ 19; DI 1-3.

2.      On June 16, 2026, Immigration and Customs Enforcement (ICE) took Mr. Sanchez-Hernandez into custody during a routine check-in appointment and detained him at the Federal Detention Center in Philadelphia.  DI 1 at ¶¶ 20-21.  ICE is detaining Mr. Sanchez-

---

[1] We adopt the sequential pagination supplied by the CM/ECF docketing system.

Hernandez under Section 1225 of the Immigration and Nationality Act (INA).  DI 4 at 5.

3.        Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2).  Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

4.        By contrast, Section 1226 of the INA, titled "Apprehension and detention of aliens," applies to noncitizens already in the United States and gives the Attorney General discretion to detain or release them on bond pending a decision on their removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the noncitizen may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

5.        As we recently held in *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026), *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026), and *Godinez Chavez v. Jamison et al.*, No. 26-cv-1569 (Mar. 17, 2026),  Section 1226(a) — not Section 1225(b)(2) — governs the detention of noncitizens like Mr. Sanchez-Hernandez who have entered the United States without admission but have long resided in the interior.  This is also the position of the vast majority of district courts who have confronted this issue, including more than 250 decisions

2

from judges in this district.

6.     We adopt the reasoning of judges of this district who have considered this issue for the wholly persuasive reasons stated therein.  *See, e.g.*, *Patel v. McShane*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al.*, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Rios Porras v. O'Neill, et al.*, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Beetlestone, C.J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25- cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025)

(Marston, J.); *Bhatia v. O'Neill, et al.*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.);

*Anirudh v. McShane, et al.*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.);

*AcostaCibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*,

2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J)).

7. Accordingly, if Mr. Sanchez-Hernandez is subject to detention at all, it is under 8 U.S.C. Section 1226(a). The government shall **RELEASE** Mr. Sanchez-Hernandez from custody **immediately** and certify compliance with this Order by filing on the docket by **5:00 p.m. ET** on **Wednesday, June 24, 2026**;

8. The government is temporarily enjoined from re-detaining Mr. Sanchez-Hernandez for seven days following his release from custody;

9. If the government chooses to pursue re-detention of Mr. Sanchez-Hernandez after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

10. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Sanchez-Hernandez from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Sanchez-Hernandez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Sanchez-Hernandez if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Sanchez-Hernandez.

/s/ John F. Murphy
**MURPHY, J.**

5